ABNER H. BOWMAN & another *vs.* ANDREW FLOYD & another.

This court has no power to restrain by injunction the use of a trade-mark which consists in part of the name of one with whom a portion of the defendants were formerly associated as partners, and which was invented, adopted and used by them in his lifetime, without objection, and has béen used by them ever since; but, on the application of his executors, the court has power, under Gen. Sts. *c.* 56, § 4, to restrain the use of his name in their business and firm without having obtained his written consent in his lifetime, or that of his executors since his death, although such use has been continued for more than six years.

A receipt given by executors for money due and paid to the estate of a deceased person from former partners, in which the latter are mentioned by the name of the former partnership, under which they continued to carry on business, will not be construed as a written consent to the continued use of the former partner's name in the new business and firm, if it was executed and delivered merely for the purpose of exhibiting the settlement of the claim.

BILL IN EQUITY by the executors of John G. Loring, deceased, to restrain the use by the defendants, who carried on business

under the firm of John G. Loring & Co., of his name, on signs and business cards, in advertisements, in giving notes, making purchases and contracts, and in other ways. The facts are stated in the opinion.

*S. G. Nash*, for the plaintiffs.

*G. E. Betton*, for the defendants.

MERRICK, J. The use of trade-marks, and the right to use the name of a third person not a partner, as a designation in whole or in part of a partnership, are both now regulated by the specific provisions of the statute relative to those subjects. It secures the right to the exclusive use of trade-marks, of whatever they may consist — whether of names, letters or figures, intended by manufacturers or vendors to indicate that the articles to which they are in any way attached or affixed are of some peculiar kind, quality, character or manufacture — to those by whom they have for that purpose been devised or adopted. But no person carrying on business in this state is allowed to assume or to continue to use in such business the name of any other person, either alone, or in connection with his own or any other name or designation, without the written consent of such person or of his legal representatives. Gen. Sts. *c.* 56, §§ 1–4.

The answers to the bill allege that, in the lifetime of the plaintiffs' intestate, and while two of the defendants, Floyd and Beal, were in partnership with him, the name of " John G. Loring and Company " was adopted as their trade-mark for all articles manufactured by them ; that they have ever since constantly used and availed themselves of it for that purpose, alike during the lifetime of said Loring, and since his decease, and since the formation of the partnership now subsisting between them and the other defendants, Farrar and Kendall. And the cause having come on to be heard upon the bill and answers, all these allegations are to be taken and considered as true. Nor has the plaintiff denied, or suggested that he would be warranted in denying, that these facts are justly and truly stated. And as it thus appears that the name of " John G. Loring and Company " has been and is the trade-mark of the defendants,

7 *

it is manifest that their right to the sole and exclusive use of it as such is secured to them by the statute, and that they cannot legally be enjoined or restrained from using it in that way and for that purpose at their pleasure.

But it is otherwise in respect to the use of the name of a deceased partner as a part of the name or designation of a new partnership, in the business or property of which neither the deceased nor those entitled to his estate have any interest. The use of the partnership name has sometimes been said to be a right belonging to the surviving partner, which will be protected against a similar use by other persons. Thus in the case of *Lewis* v. *Langdon*, 7 Sim. 421, where the surviving partner, having formed a new connection with other persons, continued to carry on his former peculiar kind of business, designating the new firm as " Successors to Brookman & Langdon," the name of the first copartnership, the executor of the deceased partner was enjoined from making use of it for any similar purpose. But it does not appear to have been ever held that a partnership name is of itself property, which constitutes a part of the assets either of the deceased or of the surviving partner. It is very clear that the surviving partner is not bound to continue the partnership business any further or longer than is necessary to bring it to a close, and to distribute the remaining property, after discharging outstanding obligations, among those to whom it belongs. And being under no such obligation, it is equally clear that, upon his discontinuance of the business, he cannot be held accountable for any supposed value of the partnership name. When two or more persons agree to unite their labor and capital in the accomplishment of a particular enterprise, or in the conduct and pursuit of a certain branch of trade or manufacture, for their mutual benefit, and to transact their business under a designated name of partnership, it is in fact a stipulation merely for their individual advantage in that connection; and as upon the decease of any one of them a dissolution of the partnership is a necessary consequence, its name can no longer have the same signification that it had before. It may, if there be no legal impediment in the way, be adopted by a

new firm, and its use will afterwards, as against strangers, or other persons having no peculiar claim, be protected, as it was in the case of *Lewis* v. *Langdon,* above cited. But it is certainly a use which may be regulated by the legislature, in the enactment of statutes for the common welfare ; and therefore the objection of the respondents, that after the decease of John G. Loring, and before the enactment of any statute upon the subject, the name of the former partnership had been taken, assumed and used by the succeeding partners as their own, and thereupon became their property, or was secured to them as a vested right, cannot avail them. For after the enactment of the statute, the continued use of the assumed name was subject to the regulations it prescribed. And by its provisions, as has already been shown, no person doing business in this commonwealth is authorized either to assume or to continue to use the name of another person in the designation, in whole or in part, of an existing partnership, whether the person be living or dead, without his consent, in the one case, or that of his legal representatives, in the other.

The respondents do not suggest that they ever obtained the written consent of Loring in his lifetime, or of his legal representatives since his decease, to the use of his name, either in whole or in part, as the designation of the partnership under which they are now doing business, unless the receipt dated February 13, 1854, given to Floyd and Beal by his executors, which is copied in the margin,* ought to be construed as having

---

* " Boston, Feb. 13, 1854. We, Abner H. Bowman and John G. Loring, executors of the estate of John G. Loring, deceased, have received from Andrew Floyd and Benjamin Beal, surviving partners of the late firm of John G. Loring & Co., the sum of fifty one hundred and forty eight dollars and forty three cents, in full of all demands, as his part of the personal estate owned by the said firm ; also all demands for rent of workshop, &c. This is not to include his part of the eleven shares in the Winthrop House stock owned by John G. Loring & Co. at the time of his decease. This settlement is on condition that the said Floyd and Beal shall assume all the debts and liabilities of the said firm of John G Loring & Co.

ABNER H. BOWMAN, } *Executors of the Estate*
JOHN G. LORING,    }    *of John G. Loring.*"

that effect. But in executing and delivering that receipt, it is obvious that they had no such intent or purpose. It is an acknowledgment of the receipt by them of a certain sum of money, in full satisfaction of that portion of the personal property of the copartnership mentioned in it, to which, as the legal representatives of Loring, they were entitled. It was a mere settlement of the claims of the executors of the deceased upon the surviving partners ; and that purpose is expressed in the instrument itself. There is nothing in any of the expressions contained in it having any tendency to show that the executors intended to give, or that the surviving partners expected to obtain, thereby the written consent to the use of the name of the deceased as the name or designation of any other partnership.

As the statute forbids not only the assumption but the continued use of the name of another person without consent first duly obtained, this controls the objection of the respondents, that they had before the institution of this suit so long uninterruptedly enjoyed the privilege of using the name of the deceased partner, that the right to interpose an effectual objection by his legal representatives to the continuance of such use is barred by the statute of limitations. As the respondents are prohibited from continuing such use without the written consent of the legal representatives of Loring, the latter must necessarily have the right at any time at their pleasure to avail themselves of the remedy given them by the statute to cause the use to be restrained by injunction. And the remedy being given to the legal representatives of the deceased, his executors or administrators are the proper parties to resort to and enforce it.